**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ANTHONY EUGENE MOORE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-09-CA-780-LY** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas in cause number 103,968. Petitioner

asserts he was convicted of burglary of a building and sentenced to 35 years in prison on September 12, 1990. Petitioner's conviction was affirmed on December 18, 1991. <u>Moore v. State</u>, No. 03-90-00270-CR (Tex. App. – Austin 1991, pet. ref'd). His petition for discretionary review was refused on May 8, 1992. <u>Moore v. State</u>, No. PD-0344-92. Petitioner has filed multiple state applications for habeas corpus relief, challenging his convictions. <u>Ex parte Moore</u>, Appl. No. 24,502-01, -02, -03, -05, -06.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.    His sentence amounts to cruel and unusual punishment, because burglary of a building is now a state jail felony;[1]

2.    His sentence was illegally enhanced with a non-final conviction;

3.    He has been subjected to an unequal protection of the law in that offenders, represented by counsel, are receiving "time-cuts" if requested due to the change in the law; and

4.    He received ineffective assistance of counsel.

## II.   DISCUSSION AND ANALYSIS

**A.    The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"]. The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

---

[1]Prior to 1993, burglary was a felony of the second degree. <u>See</u> Tex. Penal Code § 30.02(c).

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.    Application**

Petitioner's conviction became final before April 24, 1996. Thus, absent any tolling, Petitioner had until April 24, 1997, to file an application for federal habeas relief. Smith v. Ward, 209 F.3d 383, 384 (5th Cir. 2000); Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998).

Two of Petitioner's state applications for habeas corpus relief were filed and denied prior to the enactment of the AEDPA. Neither of these state applications operate to toll the one-year grace period. Petitioner's third state application was filed on July 9, 2002, after the one-year grace period had already expired. Petitioner's fourth and fifth state applications were also filed after the grace period expired. Petitioner's applications filed after the grace period had expired do not operate to toll the grace period.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the one-year grace period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE